## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

RE'AUDREY MAXWELL,                )
                                  )
                Plaintiff,        )
                                  )
v.                                )        Case No. CIV-22-00131-JD
                                  )
COFFEE CREEK APARTMENTS and       )
NOVA PROPERTY,                    )
                                  )
                Defendants.       )

## <u>ORDER</u>

On March 9, 2022, the Court issued an Order [Doc. No. 7], describing the deficiencies in the Complaint [Doc. No. 1], *sua sponte* granting Plaintiff leave to file an amended complaint, and setting a deadline for Plaintiff to file an amended complaint (March 23, 2022). The Court warned Plaintiff that failure to file an amended complaint within the time allotted may lead to dismissal of this action. [Doc. No. 7 at 4.] Plaintiff did not file an amended complaint by March 23, 2022, or seek an extension of time to do so. Plaintiff has taken no action in this case since the Court's Order on March 9, 2022.

The Court therefore **DISMISSES** Plaintiff's Complaint [Doc. No. 1] without prejudice for failure to comply with the Court's Order [Doc. No. 7], failure to comply with Federal Rules of Civil Procedure 8 and 12, and failure to prosecute. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962) (discussing the inherent power of a court to dismiss actions for lack of prosecution); *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003) (even without a motion, a district court may *sua sponte* dismiss an action "if the plaintiff fails to comply with [the Federal Rules of Civil Procedure] or any order

of court"); *see also* Fed. R. Civ. P. 41(b).[1]

      IT IS SO ORDERED this 31st day of May 2022.

                                         JODI W. DISHMAN
                                         UNITED STATES DISTRICT JUDGE

---

[1] Before dismissing a case *with prejudice*, "a court should ordinarily consider a number of factors," including whether the party was warned, the amount of interference with the judicial process, and the relative degrees of culpability and prejudice. *See Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992) (citations omitted). Here, the Court need not analyze any *Ehrenhaus* factors because the dismissal is without prejudice. *See Arocho v. United States*, 502 F. App'x 730, 732 (10th Cir. 2012) (unpublished) ("When the dismissal is without prejudice, however, consideration of the *Ehrenhaus* factors is not required.") (citing *AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs.*, 552 F.3d 1233, 1236 (10th Cir. 2009); *Nasious v. Two Unknown B.I.C.E. Agents, Arapahoe Cnty. Justice*, 492 F.3d 1158, 1162 (10th Cir. 2007)).